UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-00514-JPH-MJD |
| DONELSON CONCRETE & MANAGEMENT, INC an Illinois corporation, Clerk's Entry of Default entered on 5/19/2026, | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On March 3, 2026, Matt Rhoades, Trustee and Indiana State Council of Plasterers and Cement Masons Health and Welfare and Pension Funds, filed a complaint against Defendants Donelson Concrete & Management, Inc. seeking damages for unpaid pension obligations. Dkt. 1. On May 19, 2026, the Clerk entered default against Donelson for failure to plead or otherwise defend this action. Dkt. 9. Plaintiff now seeks a default judgment. Dkt. 10. On August 28, 2026, the Court ordered Plaintiff to supplement the application for default judgment. Dkt. 11. Plaintiff's Supplemental Motion for Default Judgment was filed September 1, 2026. Dkt. 12. For the reasons below, the motion for default judgment is **GRANTED**. Dkt. [10]; dkt. [12].

**A. Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Defendant, dkt. 9, and Plaintiffs seek default judgment. The allegations in the complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

**B. Damages**

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, Plaintiff seeks unpaid contributions, liquidated damages, and audit costs. Dkt. 10 at 1 ¶ 4. These costs are owed pursuant to two separate plans: (1) the Indiana State Council of Plasterers and Cement Masons Pension Fund

Pension Plan ("Pension Plan") and (2) the Indiana State Council of Plasterers and Cement Masons Health and Welfare Fund ("Welfare Fund"). Dkt. 10 at 2 ¶ 8; dkt. 10-4; dkt. 10-5; dkt. 12-1. Their damages can be calculated from definite figures in Plaintiffs' evidence, so no hearing is necessary. *See e360 Insight*, 500 F.3d at 602.

**1. Unpaid contributions**

Under 29 U.S.C. § 1132(g)(2)(A), the Court shall award unpaid contributions when entering judgment in favor of a plan. Here, the Fund seeks unpaid contributions in the amount of $28,618.78. Dkt. 10-1 at 2–3 (Wolf Aff.). The evidence includes a spreadsheet itemizing and totaling the unpaid contributions. Dkt. 10-2 at 6–13.

This uncontested affidavit and supporting evidence are enough to support Plaintiff's unpaid-contributions damages request. *See e360 Insight*, 500 F.3d at 602. Plaintiff is therefore entitled to $28,618.78 in unpaid contributions.

**2. Liquidated damages**

29 U.S.C. § 1132(g)(2)(C) provides for liquidated damages under the plan "not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount" of unpaid contributions. Here, the Welfare Fund provides for liquidated damages of 10% of the relevant contributions. Dkt. 10-5 at 11 (Health and Welfare Trust Agreement, Art. III, § 4) ("If an Employer should be delinquent in making any contribution hereunder, the Trustees shall assess . . . liquidated damages of 10% of the total

4 Health and Welfare Fund contributions."). Plaintiff therefore first seeks $2,861.88 in liquidated damages, representing 10% of the total unpaid contributions ($28,618.78). Dkt. 10 at 1.

However, Plaintiff's filings only demonstrate an entitlement to $1,170.13 in liquidated damages based on unpaid "Welfare" contributions to the Welfare Fund. Dkt. 10-2 at 5–13. The remaining $1,691.75 in unpaid contributions to the Welfare fund are labeled "Industry" and "EBOLT" and the Plaintiff has failed to indicate whether those contributions were mandated under the Welfare Fund in their Motion for Judgment in Sum Certain or theirSupplemental Motion in Support of Default Judgment. *See* dkt. 10; dkt. 12. Thus, the Plaintiff has shown entitlement to only $1,170.13.

The Pension Fund then provides liquidated damages of 10% of the total Pension Fund contributions seven days after the due date and an additional 10% after thirty days. Dkt. 12-1 at 7. These liquidated damages for late contributions are not limited by 29 U.S.C. § 1132(g)(2)(C). *Operating Eng'rs Loc. 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 654–55 (7th Cir. 2001) (applying general contract law but refusing to extend the general prohibition on contractual penalties to ERISA cases). The total liquidated damages for late contributions paid to the Pension Fund equal $20,653.34. Dkt. 12-1 at 3.

Plaintiff has demonstrated entitlement to $1,170.13 for liquidated damages based on unpaid contributions to the Welfare Fund (dkt. 10-2 at 5–13) and $20,653.34 in liquidated damages based on late payments to the

Pension Fund (dkt. 12-1 at 3–4). Plaintiff is therefore entitled to $21,823.47 in liquidated damages.

**3. Audit Costs**

A plaintiff can recover costs associated with an audit under 29 U.S.C. § 1132(g)(2)(E): the Court shall award "other legal or equitable relief as the court deems appropriate." The Seventh Circuit has construed this "provision to include an award of audit costs." *Trustees of Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 902 (7th Cir. 2009). Plaintiff requests audit costs of $1,435.00. Dkt. 10 at 1 ¶ 4. In support, it has provided an affidavit from Richard Wolf, the auditor, who stated that he charged $1,435.00 for his services. Dkt. 10-1 at 2 ¶ 3. 5

Plaintiff is therefore entitled to $1,435.00 in audit costs. *See* 29 U.S.C. § 1132(g)(2)(D).

**C. Conclusion**

In sum, Plaintiff has pointed to definite figures—supported by affidavits and spreadsheets—that result in the following damage award:

- **Unpaid contributions:** $28,618.78
- **Liquidated damages:** $21,823.47
- **Audit costs:** $1,435.00

**TOTAL:** $51,877.25

Plaintiffs' motion for default judgment is **GRANTED**. Dkt. [10]; dkt. [12]. They are entitled to unpaid contributions, liquidated damages, and audit costs,

plus ongoing interest on unpaid contributions until those contributions are paid in full. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 9/10/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.